

# In the Court of Criminal Appeals of Texas

No. WR-84,565-01

EX PARTE KERRY MAX COOK,

*Applicant*

On Application for Writ of Habeas Corpus
Cause No. 1-77-179-A in the 114th District Court
Smith County

YEARY, J., filed a dissenting opinion.

I agree with Presiding Judge Keller that Applicant has failed to demonstrate that he is actually innocent, and that he has also not shown that he is entitled to relief pursuant to the standard announced by this Court's opinion in *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996). But I also conclude that Applicant is not entitled to a new trial. I would simply deny relief.

"Only the use of *material* false evidence amounts to a due-process violation." *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). False evidence is "material" only if there is a "reasonable likelihood" that it affected the judgment of the jury. *Ex parte Chaney*, 563 S.W.3d 239, 263–64 (Tex. Crim. App. 2018). The applicant also has the burden to show the materiality of the false evidence by a preponderance of the evidence. *Id.*

The Court is convinced that, not only was materially false evidence used against Applicant to induce his plea in this case, but also that he has shown himself now to be actually innocent of the unimaginable crime for which he was convicted by a jury twice and upon his own plea once. Wow! I hope they are right since their judgment wins the day in this Court. I agree with both Applicant and the Court that there is now new evidence showing that some of the evidence relied upon by the State to induce Applicant's latest plea of *nolo contendere* has turned out to be false. I simply cannot conclude however, like the Court does, that the false evidence was material. In all humility, I may be wrong about my assessment of the evidence in this case, but I remain convinced today that, even being put on notice of the false evidence pointed to by Applicant, on balance, a rational jury would still have found Applicant guilty.

I respectfully dissent.

**FILED:**                           June 19, 2024
**PUBLISH**